UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH B.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5935JLR

ORDER AFFIRMING DENIAL OF BENEFITS

## I. INTRODUCTION

Plaintiff Joseph B. seeks review of the denial of his applications for supplemental security income and disability insurance benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to find that Plaintiff suffered a severe impairment of panic disorder at step two of the disability evaluation process, and by failing to properly evaluate Plaintiff's testimony regarding the side effects of his medications and the functional impact of his headaches. (Pl. Op. Br. (Dkt. # 11) at 1-2.) Plaintiff also argues that the Appeals Council erred in evaluating a letter from Plaintiff's wife submitted after the ALJ's decision, which related to Plaintiff's headache symptoms. (*Id.* at 11-12.) As discussed below, the court AFFIRMS the Commissioner's decision

and DISMISSES this case with prejudice.

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since September 22, 2014, the alleged onset date. *See* 20 C.F.R §§ 404.1571-76, 416.971-76.

**Step two:** Plaintiff has the following severe impairments: Obesity, tinnitus, chronic back pain with no objective findings, mild osteoarthritis, migraine and other headaches, depression not otherwise specified, and anxiety disorder. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

**Step three:** Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). He can lift 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and walk each for six hours in an eight-hour workday. He can occasionally climb ladders, ropes, scaffolds, ramps, and stairs. He can occasionally stoop, crouch, crawl, and kneel. He can have no exposure to extreme cold, and occasional exposure to noise, inhaled irritants, and hazards. He can understand, remember, and apply information to complete simple and detailed tasks in a setting with few changes, no public contact, and no teamwork assignments.

**Step four:** Plaintiff cannot perform past relevant work. *See* 20 C.F.R. §§ 404.1565, 416.965.

**Step five:** Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a).

(Admin. Record ("AR") (Dkt. # 7) at 18-31.) Based on these findings, the ALJ found that Plaintiff had not been under a disability, as defined by the Social Security Act

("Act"), from September 22, 2014, through the date of the ALJ's decision. (*Id.* at 30-31.) The Appeals Council considered additional evidence Plaintiff submitted after the ALJ's decision, including medical records from the VA Medical Center, and a letter from Plaintiff's wife. (*See id.* at 2.) The Appeals Council determined that this evidence "d[id] not show a reasonable probability that it would change the outcome of the [disability] decision," and denied Plaintiff's request for review. (*See id.* at 1-4.)

## III. DISCUSSION

Plaintiff bears the burden of proving he is disabled within the meaning of the Act. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Pursuant to 42 U.S.C. § 405(g), the court may only set aside a denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the court is required to examine the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### A. The ALJ Did Not Harmfully Err in Finding that Plaintiff's Panic Disorder Was Not a Severe Impairment

Plaintiff argues that the ALJ erred at step two in finding that Plaintiff did not have a severe impairment of panic disorder. (Pl. Op. Br. at 4-9.) The court disagrees.

At step two, the ALJ found that Plaintiff had severe mental impairments of

"depression not otherwise specified" and "anxiety disorder." (AR at 21.) The ALJ noted that Plaintiff "exhibited a constellation of symptoms that has resulted in varying diagnoses for his mental health conditions, depending on his presentation during different examinations." (*Id.*) The ALJ explained, accordingly, that he "considered all mental health symptoms regardless of the precise diagnosis" in analyzing Plaintiff's claims. (*Id.*)

The step two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). As long as the claimant has at least one severe impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). The step two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048-49. At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted). Thus, a claimant generally cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds that the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's RFC. *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047,

1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). In discussing Plaintiff's RFC, the ALJ addressed panic attacks, the primary manifestation of Plaintiff's alleged panic disorder. (AR at 25.) The ALJ noted that the record did not support the frequency of attacks to which Plaintiff testified. (*Id.*) The ALJ noted that Plaintiff was prescribed medication, "which seemed to help manage his symptoms." (*Id.*) The ALJ interpreted this evidence to find that Plaintiff's panic attacks could be accommodated by the limitations in the RFC, including few workplace changes, no public contact, and no teamwork assignments. (*See id.* at 23, 25.) This was a reasonable interpretation of the evidence, and Plaintiff has thus not shown error. *See Thomas*, 278 F.3d at 954.

Plaintiff argues that *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012), commands reversal. (Pl. Op. Br. at 6-7.) The Ninth Circuit in *Hill* found that the ALJ erred because he excluded panic disorder from the claimant's list of impairments, making the RFC incomplete. *Id.* But here, the ALJ explicitly addressed Plaintiff's panic attacks in discussing the RFC regardless of the fact that he did not list panic disorder as a severe impairment. (AR at 25.) *Hill* therefore does not control the outcome, and Plaintiff has failed to show that the ALJ harmfully erred in failing to find panic disorder to be a severe impairment at step two.

**B.     The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ erred in rejecting two specific points from Plaintiff's

testimony.  (Pl. Op. Br. at 9-12.)  First, Plaintiff argues that the ALJ erred in rejecting Plaintiff's testimony about the side effects of his medications.  (*Id.* at 9-11.)  Second, Plaintiff argues that the ALJ erred in rejecting Plaintiff's testimony about the functional impact of his headaches.  (*Id.* at 11-12.)

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).  At this stage, the claimant need only show that the impairment could have caused some degree of his symptoms; he does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged.  *Id.*  The ALJ found that Plaintiff met this step.  (AR at 24.)

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15).  In evaluating the ALJ's determination at this step, the court may not substitute its judgment for that of the ALJ.  *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

1. The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony
   Regarding the Side Effects of His Medications

Plaintiff argues that the ALJ accepted Plaintiff's testimony regarding the side effects of his medications, but failed to account for the functional impact of these side effects in crafting the RFC. (Pl. Op. Br. at 9-10.) Plaintiff testified that his medications caused sexual dysfunction, sleepiness, and drowsiness. (AR at 120, 365.) Plaintiff argues that these side effects could cause Plaintiff to be off-task or absent from work. (Pl. Op. Br. at 10.)

Plaintiff's argument fails. First, Plaintiff overstates the ALJ's position. The ALJ did not accept Plaintiff's testimony that he experienced drowsiness from his medications, but merely explained that Plaintiff testified to that effect. (*See* AR at 24.)

Second, the ALJ gave clear and convincing reasons for discounting Plaintiff's testimony regarding the functional effect of his medications. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ noted that Plaintiff's medical records showed normal memory, concentration, attention, and overall cognition. (AR at 25, 600, 701, 759, 768, 789, 833-34.) The ALJ reasonably interpreted the evidence in finding that Plaintiff's normal cognitive function contradicted his claims that his drowsiness impacted his ability to work.[1] *See Thomas*, 278 F.3d at 960.

---

[1] The ALJ noted several other reasons for discounting Plaintiff's testimony, including his performance of strenuous household chores and brief work as a ski instructor. (*See* AR at 26-27,

Third, Plaintiff has failed to show that the ALJ irrationally interpreted the evidence in crafting the RFC. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Plaintiff alleged drowsiness, but the record does not conclusively establish what functional effect drowsiness would have on Plaintiff's ability to work. (*See generally* AR.) The ALJ interpreted the overall medical evidence and determined that, functionally, Plaintiff could "understand, remember, and apply information to complete both simple and detailed tasks in a setting with few changes, no public contact, and no teamwork assignments." (*Id.* at 23.) Drowsiness does not *per se* cause a person to be off-task or miss work. Thus, it was up to the ALJ to determine, based on the totality of the evidence, what functional limitations Plaintiff had based on the side effects of his medications. *See Rounds*, 807 F.3d at 1006. Plaintiff has failed to show that the ALJ unreasonably interpreted the evidence when doing so, and has consequently failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09).

### 2. The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony Regarding the Effect of His Headaches

Plaintiff argues that the ALJ failed to adequately account in the RFC for the effect his headaches have on his ability to work. (*See* Pl. Op. Br. at 11-12.) Plaintiff argues

---

327, 373-74, 440, 524, 705, 767.) Because the ALJ reasonably rejected Plaintiff's testimony based on contradiction with the medical evidence, the court need not address whether these reasons justify the ALJ's rejection of Plaintiff's testimony on the side effects of his medications.

ORDER AFFIRMING DENIAL OF BENEFITS - 8

that the ALJ failed to fully account for his testimony that he suffered severe headaches at least once a month in the RFC. (*Id.*)

Plaintiff reported experiencing headaches about one to two times per week. (*See* AR at 26, 131-32, 670-75.) The ALJ noted that most of Plaintiff's headaches were reported as moderate, with more significant migraines occurring about once a month. (*See id.* at 26, 670-75.) The ALJ further noted that Plaintiff was never referred for a neurological consultation to manage his headaches, and he used only over-the-counter medication to manage them. (*Id.* at 26, 132.) The ALJ therefore determined that any functional limitations caused by Plaintiff's headaches could be accommodated by limiting his exposure to irritants and reducing his stress. (*Id.*)

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). As discussed above, the ALJ is responsible for translating the evidence into a succinct RFC. *Rounds*, 807 F.3d at 1006 (citing *Stubbs-Danielson*, 539 F.3d at 1174). The ALJ did so here, finding that Plaintiff's headaches, as established by the evidence, could be accommodated in a work setting by reducing headache triggers such as exposure to irritants and stress. (*See* AR at 23, 26.) Plaintiff's testimony does not conclusively establish functional limitations due to his headaches, such as being off-task a certain amount of time in a day or missing a particular number of days of work in a month. (*See id.* at 131-32, 670-75.) Plaintiff has failed to show that the ALJ irrationally interpreted the evidence in crafting the RFC, and has consequently failed to show harmful error. *See Thomas*, 278 F.3d at 954.

C.  **The Appeals Council Did Not Harmfully Err in Evaluating a Letter from Plaintiff's Wife Submitted After the ALJ's Decision**

In connection with Plaintiff's argument that the ALJ erroneously evaluated his testimony regarding the functional effect his headaches, Plaintiff argues that the Appeals Council erred in evaluating a letter from Plaintiff's wife describing his headache symptoms. (Pl. Op. Br. at 11-12.) The court disagrees.

The parties first dispute whether the Appeals Council actually considered this letter. This dispute stems from contradictory language in the Appeals Council's decision. The Appeals Council acknowledged that Plaintiff submitted additional evidence after the ALJ's decision, including a letter from Plaintiff's wife, but found that "this evidence does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (AR at 2.) However, the Appeals Council then stated that it "did not consider and exhibit this evidence." (*Id.*) Ultimately, the court need not resolve this contradiction because the evidence was included in the administrative record, and the court may therefore consider it in determining whether the ALJ's decision was supported by substantial evidence. *See Revels v. Berryhill*, 874 F.3d 648, 665 (9th Cir. 2017) (citing *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012)).

Plaintiff has again failed to show harmful error. Plaintiff's wife did not describe any limitations beyond those Plaintiff described in his testimony. (*Compare* AR at 8 *with id.* at 131-32.) As discussed above, the ALJ reasonably analyzed Plaintiff's testimony regarding the functional effect of his headaches and adequately accounted for it in the RFC. *See supra* Part III.B.2. An ALJ generally does not harmfully err by failing to

address lay witness testimony when the ALJ adequately addresses the claimant's testimony and the lay witness testimony does not describe limitations beyond those the claimant has described. *See Molina*, 674 F.3d at 1122 (holding that the ALJ did not harmfully err in failing to discuss lay witness testimony when that testimony "did not describe any limitations beyond those [the plaintiff] herself described"). That is what occurred here, and Plaintiff has thus failed to show harmful error with respect to Plaintiff's wife's letter. *See id.*

## IV.   CONCLUSION

For the foregoing reasons, the court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

DATED this 15th day of July, 2019.

JAMES L. ROBART
United States District Judge